**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

OLAJUWON HICKS,
ADC #122781                                                                                          PLAINTIFF

v.                                    2:12-cv-00002-JMM-JTK

W. BROOKS, et al.                                                                             DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    Introduction

Plaintiff Olajuwon Hicks is a state inmate confined at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action, alleging violations of his Eighth Amendment rights by Defendants on two occasions in August and September, 2011. By Order dated January 17, 2012 (Doc. No. 3), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit. However, finding Plaintiff's complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court directed Plaintiff to amend his complaint. Plaintiff filed an Amended Complaint (Doc. No. 5).

### II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III. Facts and Analysis**

In his Amended Complaint, Plaintiff alleges that he left his Unit for court on two different occasions in August and September, 2011. On both of those occasions, his property was inventoried and stored prior to his leaving for court, and on both occasions, his property and blankets and sheets were not returned to him until seventy-two hours after he returned to the Unit. He states Defendants failed to properly respond to his complaints about the lack of property and bedding, and that their failure to promptly provide such resulted in a denial of basic human needs and to safe conditions in prison. He also alleges that after receiving his property following his first visit to court, he was missing several items "such as a pair of Nike Dart shoes, canvas shoes, and ID badge." (Doc. No.

5, p. 3.) It is not clear from his Complaint whether those items were eventually returned to the Plaintiff.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). In order to support an Eighth Amendment claim for relief for unconstitutional conditions of confinement, Plaintiff first must allege that the conditions were objectively, sufficiently serious, that the punishment imposed amounted to "the denial of 'the minimal civilized measure of life's necessities.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) citing Rhodes v. Chapman, 425 U.S. 337, 347 (1981). Second, Plaintiff also must allege that the Defendants acted with deliberate indifference (not negligence or inadvertence) to his need for health and safety. Farmer , 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 303, 305-06 (1991).

"Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, 'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" Martin v. Byrd, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D.Ark.2008), quoting Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (other citations omitted.) "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Martin, supra *4, quoting Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). An inmate who slept without a mattress or blanket for four days on a concrete slab in the winter was not denied the minimal civilized measures of life's necessities, in O'Leary v. Iowa State Men's Reformatory, 79 F.3d 82, 84 (8th Cir. 1996).

Furthermore, placement in a strip cell without clothes, water, mattress, pillow, sheets or blanket for four days was found not unconstitutional in Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995). Finally, in Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995), the court held that plaintiff failed to support a constitutional claim for relief based on his placement in a strip cell without clothes, water, a mattress or blanket for two days, when he provided no evidence that he suffered any injury or adverse health consequences or that the Defendants knew of and disregarded an excessive risk to his health and safety.

In this case, Plaintiff claims he was denied his property and bedding for seventy-two hours on two occasions. Plaintiff does not allege that he was cold or suffered any injury or adverse health consequences as a result of the deprivation. (The Court takes judicial notice that the incidents occurred in August and September in southeast Arkansas.)  In addition, although Plaintiff alleges that Defendants disregarded his complaints for his property, he fails to allege that their actions reached the level of deliberate indifference to an "excessive risk to inmate health or safety." Farmer, 511 U.S at 837. Therefore, based on the case law cited above in light of the Plaintiff's allegations, the Court finds that Plaintiff fails to state an Eighth Amendment claim for relief against Defendants.

The Court also finds that Plaintiff fails to state a constitutional claim for relief with respect to his allegation that certain items of his property were not returned to him. When a state actor deprives an individual of personal property, the individual does not have a § 1983 claim if state law provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 530-537 (1984). In Arkansas, the action of conversion is a common law tort action for the wrongful possession or disposition of someone's property. McQuillian v. Mercedes-Benz Credit Corp., 331 Ark. 242, 247 (Ark. 1998). See also Scott v. Boyd, No. 3:08cv00136WRW, 2008 WL 4874058 (E.D.Ark. 2008),

where the plaintiff inmate sued defendants for damages in a § 1983 action, for property that was lost or stolen while he was incarcerated at the Crittenden County Jail. In this case, Plaintiff does not allege in his Complaint that he has utilized the post-deprivation remedy and therefore, the Court finds this claim also should be dismissed.

**IV.  Conclusion**

IT IS, THEREFORE, RECOMMENDED that Plaintiff's Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

IT IS FURTHER RECOMMENDED that this dismissal constitute a "strike" within the meaning of the PLRA.[1]

IT IS FURTHER RECOMMENDED that the Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(g).

IT IS SO RECOMMENDED this 21st day of February, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.